John H. WHITE, widower of Louise Faye White, Appellant,

v.

**STEWARTS DRY GOODS COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 3, 1975.

Rehearing Denied Feb. 6, 1976.

James R. Mansfield, Jr., Stuart E. Alexander, Louisville, for appellant.

Brown, Todd & Heyburn, Charles S. Cassis, Timothy W. Martin, Louisville, for appellees.

CULLEN, Commissioner.

In January 1973 Louise Faye White, an employed woman, was killed in an accident in the course of and arising out of her employment. Her husband, John H. White, sought to recover workmen's compensation benefits as surviving spouse. The Workmen's Compensation Board rejected the claim because John was not in fact *dependent* on his wife. On appeal to the circuit court judgment was entered upholding the board's order of dismissal. John has appealed here from that judgment. His sole contention is that legislative changes in the Kentucky workmen's compensation law, in 1972, abolished the formerly existing requirement that a surviving husband be actually dependent on his wife in order to draw benefits as surviving spouse.

Prior to 1972, the statutes relating to workmen's compensation benefits for survivors of a deceased worker were KRS 342.-070 and 342.075. KRS 342.070 provided in substance that upon the death of a worker as a result of a compensable accident, specified benefits would be payable to "dependent" persons. KRS 342.075 set forth the rules for determination of dependency, including *presumptions* of dependency for widows, widowers or children under specified circumstances, a requirement of proof of actual dependency in absence of the presumption, and a condition of dependency, except as to certain named relatives, that the person have been living in the household of the deceased worker. In substance, the presumption of dependency created by KRS 342.075 applied to *all* widows (except one who had abandoned her husband) but applied to *widowers* only if they were incapacitated from wage-earning. So, under the statutes as they existed prior to 1972, John White, not being incapacitated from wage-earning and not being *actually* dependent on his wife, would not have been entitled to benefits.

The 1972 legislation, on which John relies, specifically repealed KRS 342.070, made no mention of KRS 342.075, and created KRS 342.620 and 342.750 (in addition to which it made many other changes in the workmen's compensation law not relevant to the question here in issue). The only provision of KRS 342.620 of any significance here is paragraph (10), which defines "income benefits" to mean payments made under the workmen's compensation law to the disabled worker *"or his dependents in case of death"* (our emphasis), this being significant because KRS 342.750, in specifying what benefits are payable to surviving relatives of a deceased worker, uses the term "income benefits."

The relevant portion of KRS 342.750 is as follows:

"If the injury causes death, income benefits shall be payable in the amount and to or for the benefit of the persons following, subject to the maximum limits specified in subsections (3) and (4) of this section:

(1)(a) If there is a widow or widower and no children of the deceased, to such widow or widower 50 per cent of the average weekly wage of the deceased, during widowhood or widowerhood.

(b) To the widow or widower, if there is a child or children living with the widow or widower, 45 per cent of the average weekly wage of the deceased, or 40 per cent, if such child is not or such children are not living with a widow or widower, and in addition thereto, 15 per cent for each child. Where there are more than two (2) such children, the indemnity payments payable on account of such children shall be divided among such children, share and share alike.

(c) Two (2) years' indemnity benefits in one (1) lump sum shall be payable to a widow or widower upon remarriage.

(d) To the children, if there is no widow or widower, 50 per cent of such wage for one (1) child, and 15 per cent for each additional child, divided among such children share and share alike.

(e) The income benefits payable on account of any child under this section shall cease when he dies, marries, or

reaches the age of eighteen (18), or when a child over such age ceases to be physically or mentally incapable of self-support, or if actually dependent ceases to be actually dependent, or, if enrolled as a full-time student in any accredited educational institution, ceases to be so enrolled or reaches the age of 22. A child who originally qualified as a dependent by virtue of being less than 18 years of age may, upon reaching age 18, continue to qualify if he satisfies the tests of being physically or mentally incapable of self-support, actual dependency, or enrollment in an educational institution.

(f) To each parent, if actually dependent, 25 per cent.

(g) To the brothers, sisters, grandparents, and grandchildren, if actually dependent, 25 per cent to each such dependent. If there should be more than one (1) of such dependents, the total income benefits payable on account of such dependents shall be divided share and share alike.

(h) The income benefits of each beneficiary under paragraphs (f) and (g) above shall be paid until he, if a parent or grandparent, dies, marries, or ceases to be actually dependent, or, if a brother, sister, or grandchild, dies, marries, or reaches the age of eighteen (18) or if over that age ceases to be physically or mentally incapable of self-support, or ceases to be actually dependent.

(i) A person ceases to be actually dependent when his income from all sources exclusive of workmen's compensation income benefits is such that, if it had existed at the time as of which the original determination of actual dependency was made, it would not have supported a finding of dependency. In any event, if the present annual income of an actual dependent person including workmen's compensation income benefits at any time exceeds the total annual support received by the person from the deceased employe, the workmen's compensation benefits shall be reduced so that the total annual income is no greater than such amount of annual support received from the deceased employe. In all cases, a person found to be actually dependent shall be presumed to be no longer actually dependent three (3) years after each time as of which the person was found to be actually dependent. This presumption may be overcome by proof of continued actual dependency as defined in this subsection, but full payments shall not be suspended during the pendency of any proceeding to determine dependency."

It will be noted that in referring to widows or widowers, KRS 342.750 nowhere uses the word "dependent." This fact is the primary basis for John White's argument that actual dependency is no longer a requisite of benefits for a widower, and that KRS 342.075 was impliedly repealed to the extent that it provided rules for determining the dependency of a widow or widower. In effect, John's contention is that KRS 342.750 so obviously and plainly eliminates the requirement of dependency of a widow or widower as to make clear the intent of the legislature to repeal KRS 342.075. We are not so persuaded.

Our primary reason for not being persuaded that the legislature no longer intended dependency (either presumed or actual) to be a requisite for the payment of benefits to a widow or widower rests on the fact, of which counsel for appellant and appellees all seem to be blissfully unaware, that the 1974 legislature amended KRS 342.075 to provide that the presumption of dependency as to a widow who had not abandoned her husband shall apply equally as to a widower who had not abandoned his wife. This legislative action is totally inconsistent with the theory that the legislature in 1972 intended to abolish any requirement of dependency as to a surviving spouse.

Had Mrs. White died after the effective date of the 1974 amendment, John would be entitled to benefits as a presumed-dependent survivor (not on the basis that the re-

quirement of dependency had been eliminated). The problem is that she died at a time when the statutes did not provide a presumption of dependency for an able-bodied widower.

The judgment is affirmed.

All concur except LUKOWSKY, J., who did not sit.